USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   12/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: REAL PROPERTY KNOWN AS 5401
Collins Avenue #828 Miami Beach, Florida Folio:
02-3214-020-2540 et al.

25-mc-576 (MKV)

ORDER DENYING MOTION FOR
EMERGENCY RELIEF
AND
CLOSING MISCELLANEOUS CASE

MARY KAY VYSKOCIL, United States District Judge:

Michelle Adams, proceeding *pro se*, initiated this action, styled as a miscellaneous case,

together with an application for emergency relief on December 15, 2025 [ECF Nos. 1, 3, 4, 5].

She also filed a request to proceed *in forma pauperis* [ECF No. 2].  The case was assigned to my

docket today, December 17, 2025.

Although Ms. Adams purports to have initiated a miscellaneous case, captioned in the style

of an *in rem* proceeding, the document initiating this case (at docket entry number one) purports

to assert nine civil causes of action, names five defendants (none of whom has been served), and

demands a jury trial [ECF No. 1 (the "Document" or "Doc.")].  *See* District Clerks' Manual §

302(a);[1] *cf.* Rules for the Division of Business Among District Judges, S.D.N.Y., Rule 4 ("Civil

Actions or Proceedings (Filing and Assignment)").  Ms. Adams, who resides in New York, alleges

that she "acquired" and owns a "property located at 5401 Collins Avenue" in Miami Beach,

Florida.  Doc. ¶¶ 4, 10.  She alleges, in pertinent part, that "Defendant Max Adams" created a

"forged" quitclaim deed to her property (with the knowledge of "Defendant Lisa Fertel, formerly

known as Lisa Adams").  *Id.* ¶¶ 6, 12, 13.  Ms. Adams further alleges that "Defendant Touchstone

Properties, LLC" thereafter "took control of the Property," and its alleged members, "Defendant

---

[1] Available at Chapter 3: Case Management | JNet (last visited December 17, 2025).

1

Steven Sherman" and "Defendant Edmund Chung," have occupied and otherwise made use of property to their "financial advantage." *Id.* ¶¶ 17–19.

Ms. Adams seeks *ex parte* a temporary restraining order and preliminary injunction enjoining the "defendant[s]" from "(a) transferring, encumbering, selling, leasing, renting, or otherwise alienating the Property; (b) collecting or receiving any rents, profits, or income from the Property; (c) interfering with Plaintiff's rights in the Property; and (d) taking any action that would diminish the value or cloud title to the Property" [ECF No. 3 at 1]. Nobody Ms. Adams proposes to enjoin has been served with the case initiating Document, much less the request for emergency relief [ECF No. 6]. For ultimate relief, she seeks "judgment quieting title to the real property" at issue, declaratory judgment that the alleged quitclaim deed is a forgery, "judgment ejecting" others from the property, a permanent injunction, and various damages. Doc at 17–18.

The Document that Ms. Adams filed to initiate this purported miscellaneous action makes clear that Ms. Adams is already litigating substantially the same issues in state court in Florida, "Case Number 2017-21563" (the "Florida Case"). *See* Doc. ¶ 22. Ms. Adams represents that, in the Florida Case, she is seeking to "invalidate the [allegedly] forged deed," "restore title," "eject Sherman," and obtain monetary damages. *Id*. The Florida Case, Ms. Adams represents, "remains pending and has not reached a final judgment on the merits." *Id.*

The submissions in this case reveal that, a mere three weeks ago, Ms. Adams filed another case, together with a request for emergency relief, in this courthouse. *See Adams v. Judge Robert T. Watson et al.*, 25-cv-9915 (LTS). In her complaint in that action, it appears, Ms. Adams alleged violations of her rights by the judges in the Florida Case and several appeals [*see* 25-cv-9915, ECF Nos. 1, 3]. Chief Judge Swain transferred that case to the Southern District of Florida and denied Ms. Adams leave to appeal that decision *in forma pauperis* [ECF No. 12].

2

Now, in this purported miscellaneous case, Ms. Adams requests from this Court *ex parte*, preliminary relief on the very subject of what, Ms. Adams represents, is ongoing litigation on the merits in the Florida state court system.  That request is improper.

As an initial matter, this action is "not a proper miscellaneous case."  *Pugach v. Bessent*, No. 1:25-mc-417 (GHW,) 2025 WL 2772912, at *1 (S.D.N.Y. Sept. 26, 2025) ("This action is dismissed without prejudice on the ground that it is not a proper miscellaneous case.").  As other judges in this Circuit have explained, pursuant to the District Clerks' Manual, published by the Administrative Office of the United States Courts, "civil matters are classified as either civil or miscellaneous cases depending on the nature of relief sought in the initiating document."  *Id.* (alteration omitted) (quoting District Clerks' Manual § 302(a)); *accord In re Varholy*, 3:23-mc-4 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023).  Miscellaneous cases are the proper vehicle for parties who seek discrete relief on "limited matters," such as "foreign subpoenas, registration of judgment from another district, [a] motion to quash deposition subpoena," and the like.  *Pugach*, 2025 WL 2772912, at *1 (quoting *In re Varholy*, 2023 WL 4236044, at *1).  Here, as explained above, the initiating document and the relief sought make clear that Ms. Adams seeks to litigate in this action a full-blown "contested proceeding," including a jury trial, on the merits of a dispute about the property that she alleges she owns in Florida.  District Clerks' Manual § 3.02(a).  As such, it is not properly brought as a miscellaneous case.

Furthermore, the Court's subject matter jurisdiction is in doubt.  *See Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).  As noted above, this action is captioned in the style of an *in rem* proceeding, and this Court does not have *in rem* jurisdiction over property in Florida.  *See Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 304 (2d Cir. 2002).  Moreover, in an *in rem* proceeding, the property itself is "the defendant,"

3

and the plaintiff must seek "a remedy *in rem*," which is not how Ms. Adams is proceeding. *Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 69 (2d Cir. 2009).  Rather, as explained above, she names four individuals and one LLC as defendants and seeks a wide array of civil remedies.  While Ms. Adams alleges that she resides in New York and the defendants are based in Florida, her allegations are not sufficient to assure the Court that complete diversity exists. *See* Doc. ¶¶ 4–9.  In particular, an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties." *Dumann Realty, LLC v. Faust*, No. 09-cv-7651 JPO, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (emphasis in original).  Here, Ms. Adams alleges that Mr. Sherman and Mr. Chung are members of Touchstone Properties, LLC, and that they reside in Florida, but she does not allege that those two alleged Florida residents are the *only* members Touchstone Properties, LLC.

In all events, it would be wholly inappropriate for this Court to issue *ex parte* preliminary relief, passing on the likely merits of state law claims that Ms. Adams represents are still being litigated on the merits in the Florida Case.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–17 (1976); *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356 (2d Cir. 1985); *Mouchantaf v. Int'l Modeling & Talent Ass'n*, 368 F. Supp. 2d 303, 307 (S.D.N.Y. 2005); Doc. ¶ 22.  Based on her own submissions, it seems that Ms. Adams is already pursuing appeals of, and collateral attacks on, those proceedings [*see* 25-cv-9915, ECF Nos. 1, 3]. Assuming, *arguendo*, that Ms. Adams had properly initiated a parallel federal court proceeding on the same issues (which, as explained above, she has not), it seems highly likely that *Colorado River* abstention would be appropriate.

Accordingly, for the reasons set forth above, the request for emergency relief [ECF Nos. 1, 3] is DENIED.  The request to proceed *in forma pauperis* [ECF No. 2] is DENIED.  This case

is DISMISSED.  The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court respectfully is requested to terminate the motions at ECF Nos. 1 and 3, to mail a copy of this Order to Ms. Adams, and to close this case.

**SO ORDERED.**

**Date:  December 17, 2025**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

5